IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY AMOROSO,<br><br>        Plaintiff,<br><br>  v.<br><br>BUCKS COUNTY COURT OF COMMON PLEAS, et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 13-0689 |

**OPINION**

**Slomsky, J.**                                                                                          **July 31, 2014**

## I.  INTRODUCTION

On February 7, 2013, Plaintiff Stacy Amoroso ("Plaintiff") commenced this employment action against the Bucks County Court of Common Pleas ("BCCP"), the County of Bucks ("Bucks County"), and individual Defendants Frank Filipovits ("Defendant Filipovits") and Laura LoBianco ("Defendant LoBianco").  From 2004 to 2011, Plaintiff was employed by Defendant BCCP, serving first as a Domestic Relations Officer and then a Domestic Hearing Officer.  During Plaintiff's employment, Defendants Filipovits and LoBianco were Plaintiff's supervisors.  From April 2010 to the fall of 2010, Plaintiff took an approved leave of absence from her job under the Family Medical Leave Act ("FMLA").  She returned to work in the fall of 2010 and was terminated in May 2011.

In August 2013, Defendants filed various Motions to Dismiss the Second Amended Complaint ("SAC") (Doc. Nos. 44, 48, 49), which the Court granted in part and denied in part in an Opinion dated March 27, 2014.  (Doc. No. 59.)  Currently, the only claims remaining in this case as set forth in the SAC are: 1) a retaliation claim under the FMLA against individual

1

Defendants Filipovits and LoBianco (Count I); 2) a retaliation claim under the FMLA against Bucks County and BCCP (Count II); and 3) a violation of the Pennsylvania Human Relations Act ("PHRA") against individual Defendants Filipovits and LoBianco (Count V).  (Id.)

On April 16, 2014, Defendant BCCP only moved for Judgment on the Pleadings with respect to the FMLA retaliation claim alleged in Count II.  (Doc. No. 62.)  On April 30, 2014, Plaintiff filed a Response in Opposition.  (Doc. No. 66.)  This Motion is presently before the Court.[1]  For reasons that follow, the Court will grant BCCP's Motion for Judgment on the Pleadings.[2]

## II. BACKGROUND

A detailed factual background regarding this case is contained in the Opinion on the Motions to Dismiss.  (Doc. No. 59 at 2-5.)  In the Opinion, the facts were viewed in the light most favorable to Plaintiff.  Accordingly, for purposes of reviewing BCCP's Motion for Judgment on the Pleadings, the Court will summarize only the facts alleged that are relevant to the remaining FMLA retaliation claim against BCCP.  Again, the Court will view these facts in the light most favorable to Plaintiff.

As noted above, from March 2004 to May 2011, Plaintiff was employed by BCCP.  (Doc. No. 40 at ¶ 17.)  At the time of her termination in May 2011, Plaintiff's title was "Domestic Hearing Officer."  (Id. at ¶ 19.)  The following facts are set forth in the March 27, 2014 Opinion:

---

[1] In deciding this Motion, the Court has considered the Second Amended Complaint (Doc. No. 40), BCCP's Motion for Judgment on the Pleadings (Doc. No. 62), Plaintiff's Response (Doc. No. 66), and BCCP's Reply (Doc. No. 67).

[2] Individual Defendants Filipovits and LoBianco have not moved for Judgment on the Pleadings with respect to the PHRA claim.  Likewise, Defendants Bucks County, Filipovits, and LoBianco have not moved for Judgment on the Pleadings with respect to the FMLA retaliation claim.  This Opinion will therefore only address BCCP's Motion for Judgment on the Pleadings with respect to the FMLA retaliation claim.

> Around January 2010, Plaintiff was approved for intermittent FMLA leave as a result of a "serious medical condition." In April 2010, Plaintiff took full-time FMLA leave. An employee of Defendant Bucks County's Human Resources Department told Plaintiff that "they were trying to build a paper trail," and that she should "take a break." Before starting her FMLA leave, Plaintiff was told that she had to re-train for her job. She was then subjected to grammar training and other re-training in positions she had previously held as a clerk.
>
> On September 16, 2010, Plaintiff returned to work from FMLA leave. Prior to her return, Plaintiff requested a reasonable accommodation for her "depression and anxiety" by being reassigned to a different supervisor. This request was denied. When she returned to work, Plaintiff was scrutinized regularly and unnecessarily, and subjected to "unwarranted criticism and discipline." She was not given the opportunity to settle back into her position, and Defendants piled work on her almost immediately.
>
> Before her actual return and continuing through her termination, Defendants engaged in a pattern of antagonism against Plaintiff. First, Defendants created an Action Plan to "create a bogus paper trail to justify terminating Plaintiff." Plaintiff's supervisor told other employees that someone should be present at any meeting with Plaintiff. Plaintiff states that other hearing officers with Action Plans were not treated this way. Employees were also told to document any mistakes that Plaintiff made. Plaintiff had to complete a training packet for new officers as part of her Action Plan, while other officers were not required to do so. Employees then reviewed Plaintiff's answers in the training packet with a "fine-toothed comb." In December 2010, Defendant LoBianco told other employees not to speak to Plaintiff.
>
> In November 2010, Plaintiff was assigned a new caseload "in an effort to set her up for 'bogus' performance evaluations that would justify her termination." From 2010 to 2011, Plaintiff received "bogus evaluations" drafted by Defendants LoBianco and Filipovits, as well as other employees. These evaluations culminated in Plaintiff's termination in May 2011. When Plaintiff was terminated, Defendant LoBianco stated "something to the effect that Plaintiff was 'an embarrassment to the county.'"

(Doc. No. 59 at 3-5 (internal citations omitted).)

In the SAC, Plaintiff alleged three claims against Defendant BCCP: 1) interference under the FMLA; 2) retaliation under the FMLA; and 3) violation of her rights under the Rehabilitation Act.  (Doc. No. 40 at ¶¶ 113-129.)  BCCP moved to dismiss the FMLA interference and the Rehabilitation Act claims.  (Doc. No. 44.)  The Court granted their dismissal in its March 27, 2014 Opinion.  (Doc. No. 59.)  BCCP now seeks judgment on the pleadings with respect to the remaining FMLA retaliation claim.  For reasons that follow, the Court will grant BCCP's Motion and dismiss the FMLA retaliation claim against BCCP.

**III.    STANDARD OF REVIEW**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  In deciding a motion for judgment on the pleadings, a court must consider only those documents contained in the pleadings.  See Moco Invs., Inc. v. United States, 362 F. App'x 305, 307 n.4 (3d Cir. 2010) (explaining that the district court's consideration of documents outside the pleadings converted the motion for judgment on the pleadings into a motion for summary judgment).  A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) (explaining that "there is no material difference in the applicable legal standards" for Rule 12(b)(6) and Rule 12(c) motions).  Like a motion to dismiss, under Rule 12(c), "the trial court must view the facts in the pleadings in the light most favorable to plaintiff and must grant the motion only if the moving party establishes that no material issues of fact remain and that it is entitled to judgment as a matter of law."  Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986).  See also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988)).  A motion for judgment on the pleadings will only be granted

where "the plaintiffs would not be entitled to relief under any set of facts that could be proved." Green v. Fund Asset Mgmt., L.P., 245 F.3d 214, 220 (3d Cir. 2001).

## IV.  ANALYSIS

In Count II of the SAC, Plaintiff alleges that her employment with BCCP was terminated in retaliation for exercising her right to take FMLA leave.  Plaintiff exercised her right to leave under what is known as the FMLA "self-care" provision, which provides that eligible employees may take twelve weeks of unpaid leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  The FMLA establishes that it is unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the right to take unpaid leave.  Id. at § 2615(a)(1).  To enforce its provisions, the FMLA enables an eligible employee to bring suit against an employer who has violated Section 2615 of the FMLA.  29 U.S.C. § 2617(a)(2).  A claim for interfering with an employee's right to take FMLA leave is known as an "FMLA interference claim."  In this case, as noted, the Court has already dismissed the "interference" claim.  In addition, 29 C.F.R § 825.220(c) precludes employers from taking retaliatory action against employees who have applied for or taken FMLA leave.  Section 825.220(c) states that the "[Family Medical Leave] Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights."  29 C.F.R § 825.220(c).  A claim for retaliating against an employee who has applied for or taken FMLA leave is known as an "FMLA retaliation claim."[3]

---

[3] Under the FMLA, the term "employer" includes "any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer, any successor in interest of a covered employer, and any public agency."  29 C.F.R § 825.104(a).  The parties do not contest that BCCP is a public entity that employed Plaintiff at all relevant times.  In the

**A. BCCP is Entitled to Eleventh Amendment Immunity for the FMLA Retaliation Claim**

In its Motion for Judgment on the Pleadings, BCCP asserts that Plaintiff's FMLA retaliation claim is barred by Eleventh Amendment immunity since BCCP is a state entity. (Doc. No. 62 at 3.)  Under the Eleventh Amendment, states and their entities or instrumentalities are immune from suit in federal courts.  P.R. Aqueduct and Sewer Author. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  Here, Plaintiff brings a retaliation claim against BCCP for termination following FMLA self-care leave.  As a state entity, BCCP is immune from suit under the Eleventh Amendment, unless an exception to Eleventh Amendment immunity applies.[4]  Walthour v. Herron, No. 11-1690, 2011 WL 1325981, *3 (E.D. Pa. Apr. 7, 2011) ("The Third Circuit has expressly held that Pennsylvania's courts are entitled to Eleventh Amendment immunity. . . . .") (citing Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 239-40 (3d Cir. 2005)).

While certain exceptions to Eleventh Amendment immunity exist, the Supreme Court held in Coleman v. Court of Appeals of Maryland, 132 S. Ct. 1327 (2012) that Congress did not abrogate Eleventh Amendment immunity with respect to claims alleged against states pursuant to the FMLA self-care provision.  Id. at 1338.  In Coleman, the Court explained that "[s]tanding alone, the [FMLA] self-care provision is not a valid abrogation of the States' immunity from suit."  Id. at 1334.  In reaching this decision in Coleman, the Supreme Court was in agreement with the Third Circuit, which also held that private suits for damages may not be brought against states for alleged violations of the FMLA that arise under the FMLA self-care provision.  See Banks v. Court of Common Pleas FJD, 342 F. App'x 818, 821 (3d Cir. 2009).

---

March 27, 2014 Opinion, the Court found that BCCP qualifies as Plaintiff's employer for purposes of the FMLA.  (Doc. No. 59 at 8.)

[4] The parties agree that BCCP is a state entity.  (Doc. Nos. 40 at ¶ 3; 44 at 12-13).

Although neither Coleman nor Banks distinguished between a claim for retaliation and a claim for interference under the FMLA self-care provision, this Court finds that the reasoning of Coleman applies equally to both types of claims.  As other courts in this district have held, the Eleventh Amendment bars both FMLA interference and retaliation claims pursuant to the self-care provision of the FMLA.  See Howard v. Pennsylvania Dep't of Pub. Welfare, No. 11-1938, 2013 WL 102662 (E.D. Pa. Jan. 9, 2013) (applying Coleman to grant summary judgment on both FMLA interference and retaliation claims pursuant to the FMLA self-care provision); Folk v. Pennsylvania Dep't of Educ., No. 10-7377, 2012 WL 2282849 (E.D. Pa. June 14, 2012) (same). Accordingly, BCCP is immune from suit for Plaintiff's FMLA retaliation claim pursuant to the Eleventh Amendment.

### B. The Ex parte Young Doctrine Does Not Apply to BCCP

In an attempt to eschew the clear application of Eleventh Amendment immunity to BCCP, Plaintiff relies on the Supreme Court's decision in Ex parte Young, 209 U.S. 123 (1908).  Ex parte Young created an exception to Eleventh Amendment immunity for claims seeking prospective relief against state officials who are sued in their official capacities.  Id.  Plaintiff concedes that monetary relief against BCCP is barred by Eleventh Amendment immunity, but argues that she is entitled to seek prospective relief in the form of reinstatement pursuant to the Ex parte Young exception. (Doc. No. 66 at 2-4.)

In Ex Parte Young, the Supreme Court held that an exception to Eleventh Amendment immunity exists for claims for prospective relief against state officials who have been sued in their official capacities.  The Court stated:

> [I]ndividuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an

> unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

Id. at 155-6. However, the Court subsequently limited the Ex parte Young doctrine in Puerto Rico Aqueduct. There, the Supreme Court stated:

> The doctrine of Ex parte Young, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity. Moreover, the exception is narrow: it applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought.

506 U.S. at 146 (internal citations omitted) (emphasis added). Thus, under Puerto Rico Aqueduct, the Ex parte Young doctrine does not apply to states or state entities, but rather only to state officials being sued in their official capacities. As such, Puerto Rico Aqueduct precludes application of the Ex parte Young exception to BCCP.

Plaintiff contends, however, that Ex parte Young is applicable to her FMLA retaliation claim under Nelson v. University of Texas at Dallas, 535 F.3d 318 (5th Cir. 2008). In Nelson, a former employee brought a suit for reinstatement against a state university and its president, as well as other individuals, for violations of the FMLA self-care provision. Id. at 319. While a suit for money damages was barred by Eleventh Amendment immunity, the Fifth Circuit held that Nelson's request for reinstatement constituted prospective relief and was properly within the Ex Parte Young exception. Id. at 321. The court stated:

> As noted above, Nelson relies on the exception to Eleventh Amendment immunity created by the Supreme Court in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Pursuant to the Ex parte Young exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity. Thus, prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective

8

> relief in the form of a money judgment in compensation for past wrongs . . . is barred.

Id. at 321-22 (internal citations and quotations omitted).  Because the Fifth Circuit found that Nelson's request for reinstatement qualified as prospective relief, the suit was permitted to proceed against the university president in his official capacity pursuant to the Ex parte Young doctrine.  Id. at 324.

Likewise, the Third Circuit has held that prospective relief, such as reinstatement, asserted against individual state officials are cognizable claims under the Ex parte Young doctrine.  In Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002), the Third Circuit held that a former employee of the Commonwealth of Pennsylvania had properly named the superintendent of a State Correctional Institute as a defendant in his disability discrimination suit for reinstatement pursuant to the Ex parte Young doctrine.  Id. at 179.

> Koslow's claim for reinstatement, with accommodations for his disability, is the type of injunctive, "forward-looking" relief cognizable under Ex parte Young.  Therefore he can state federal claims under the ADA against Superintendent Vaughn, acting in his official capacity, for prospective injunctive relief.

Id.  Thus, actions for prospective relief in the form of reinstatement may proceed against individual state officials pursuant to the Ex parte Young doctrine.

For the Ex parte Young exception to apply here, BCCP must be considered a state officer acting in its official capacity because "[t]he [Ex parte Young] rule applies only to state officers." Charles Alan Wright et al., 17A Fed. Prac. & Proc. § 4232 n. 2 (3d ed.).  Young, Nelson, and Koslow each arose from situations in which an individual was sued in his official capacity as an officer of the state.  Additionally, in MCI Telecommunication Corp. v. Bell Atlantic Pennsylvania, the Third Circuit held the following:

> We hold, consistent with the Fifth, Sixth, Seventh, and Tenth Circuits, that this action may go forward against the individual PUC Commissioners under Ex Parte Young because the carriers seek prospective relief against the individual Commissioners to stop an ongoing violation of federal law.

271 F.3d 491, 515 (3d Cir. 2001). Thus, in order to properly allege a claim for prospective relief pursuant to Ex parte Young, the claim must be asserted against an individual state officer in his official capacity.[5] As a Pennsylvania Court of Common Pleas, BCCP is not an individual state officer being sued in his official capacity.[6] Accordingly, for all the reasons set forth above, the Motion for Judgment on the Pleadings on Count II will be granted and BCCP will be dismissed as a Defendant in this case.

### C. Plaintiff Will Be Granted Leave to Amend the Complaint

In the Response to the Motion for Judgment on the Pleadings, Plaintiff requests leave to amend her Complaint should the Court dismiss her FMLA retaliation claim against BCCP. (Doc. No. 66 at 5.) Plaintiff wishes to add an appropriate state official at BCCP as a defendant in his or her official capacity to pursue the prospective relief of reinstatement pursuant to Ex parte Young. (Id.)

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant or deny a request for leave to amend is within the discretion of the District Court, so long as adequate grounds for doing so are

---

[5] The Fifth Circuit has also held that Ex parte Young claims cannot be asserted against state entities. Raj v. Louisiana State University, 714 F.3d 322, 328 (5th Cir. 2013) ("Although [Plaintiff] has asserted claims for injunctive and declaratory relief, he cannot overcome sovereign immunity under Ex parte Young because he has named only LSU, LSU Health, and the LSU Board as defendants.").

[6] In her Response, Plaintiff also argues that her claim against BCCP should proceed under the Ex parte Young exception because BCCP is an "employer," and therefore a "person," under the FMLA. (Doc. No. 66 at 4-5.) While BCCP may qualify as a "person" under the FMLA, being a "person" in this sense is insufficient to invoke the Ex parte Young exception.

evinced.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, the litigation is still at an early stage and it is in the interest of justice to allow Plaintiff to amend her Complaint.  Although the Court stated at the July 2, 2013 hearing that no further amendments would be allowed, the Court has reconsidered and will grant Plaintiff's request for leave to amend in light of the law set forth in the relevant cases discussed in this Opinion.

### V.   CONCLUSION

For the foregoing reasons, the Court will grant BCCP's Motion for Judgment on the Pleadings.  Plaintiff's claim for FMLA retaliation against Defendant BCCP as set forth in Count II will be dismissed and Plaintiff will be granted leave to amend her Complaint, only as noted in Section IV(C) of this Opinion, by August 8, 2014.  An appropriate Order follows.